## Moore, et al. v. Williams, Marshal.

(Decided October 29, 1918 )

### Appeal from Whitley Circuit Court.

1. Officers—Public Officers—Receipt of Illegal Appropriation—Character of Liability.—A public officer, who receives money illegally

appropriated by a city council of a municipality, becomes a mere debtor of the municipality.

2. Mandamus—Nature and Ground—Collection of Debt.—Mandamus will not lie to collect a mere debt.

3. Appeal and Error—Amount in Controversy—Mandamus—Effect on Jurisdiction.—Where the amount in controversy is not sufficient to give jurisdiction, jurisdiction cannot be conferred by asking for a mandamus, when it is clear that mandamus will not lie and the sole purpose of asking it is to make the case appealable.

R. L. POPE and H. L. BRYANT for appellants.

H. C. GILLIS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Dismissing the appeal.

W. L. Moore and others, citizens and taxpayers of the city of Williamsburg, brought this suit against J. A. Williams, as marshal of said city, for the purpose of obtaining a mandamus to compel him to restore to the city the sum of $100.00, alleged to have been illegally appropriated and paid to him by the city council. A demurrer was sustained to the petition and the petition dismissed. Plaintiffs appeal.

The petition charges in substance that Williams, while acting as marshal, was sued by one Talmage Burnett for personal injuries inflicted by Williams; that although the city was not a party to the proceeding, it subsequently appropriated and paid to the defendant the sum of $100.00 for expenses incurred in making his defense, and that said payment was unauthorized, illegal and void. It was further alleged that the defendant was insolvent and a mandamus was asked compelling him to pay back the money thus illegally collected.

This is not a suit to require the defendant to pay to the city fees, which he collected by virtue of his office, and which the law required him to pay over to the city. The money which he received was appropriated and paid to him by the city council. If it be true that the appropriation was illegal, the law merely implied an obligation to repay the money, and he thereby became the mere debtor of the city. In its final analysis, therefore, the suit is nothing more nor less than a proceeding to collect a mere debt of $100.00 by mandamus. Mandamus will not lie for that purpose. Montenegro-Riehm Music Co. v. Board of

Education of Louisville, 147 Ky. 720, 145 S. W. 741. The amount is not sufficient to give this court jurisdiction. That being true, jurisdiction cannot be conferred by asking for a mandamus when it is clear that mandamus will not lie, and the sole purpose of asking it was to make the case appealable. It therefore follows that the appeal cannot be entertained.

Appeal dismissed.